■ RKO-STANLEY WARNER THEATRES, INC., Respondent, v. CENTURY CIRCUIT, INC., et al., Appellants.— Order, Supreme Court, New York County, entered on December 29, 1970, unanimously modified, on the law, so as to grant defendants' motion to dismiss the first and fourth causes of action, and also, to strike the allegations and demand for punitive damages, and otherwise affirmed.

Defendants-appellants shall recover of plaintiff-respondent $50 costs and disbursements of this appeal. The general allegations of the first cause of action, attempting to sound in prima facie tort, are legally insufficient; they could not sustain any conclusion that the acts of the defendant competitors were in themselves unlawful or served exclusively motives other than profit and self-preservation, in an avowedly competitive business area. The allegations of this complaint fail to suggest, no matter how broadly read, that the defendants' acts were solely "malicious" and done without legal or social justification. For an analogous holding, cf. Reinforce, Inc. v. Birney (308 N. Y. 164, 169). Similarly, the fourth cause of action, for abuse of process, is deficient. The defendant Century had not sued RKO, nor interfered with RKO by improperly used process. It would be an improvident waste of judicial and court time to permit this cause of action to stand, and perhaps, go to trial. The legality of the defendants' conduct as charged in the first and second causes of action was not at all affected by an anticompetitive purpose it may have had. (See Eastern R. R. Conference v. Noerr Motors, 365 U. S. 127, 140.) On the other hand, the second and third causes of action, for pleading purposes, comply with the technical requirements, and do allege the elements of wrongful interference with contracts, maliciously inspired, and must be allowed to stand. (Cf. Foley v. D'Agnostino, 21 A D 2d 60; Lane v. Mercury Record Corp., 21 A D 2d 602.) Concur — McGivern, J. P., Nunez, Kupferman, Tilzer and Eager, JJ.